**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CR-311-JFH** |
| **JOHN ARTHUR WALKER, JR. and
ERIC RAY MYERS,** | |
| **Defendants.** | |

<u>**OPINION AND ORDER**</u>

Before the Court are three motions:  a motion in limine to preclude witnesses' criminal history at trial filed by the United States of America ("Government"); a motion in limine to exclude statements that constitute hearsay within hearsay; and a motion to declare witness unavailable for trial filed jointly by Defendants John Arthur Walker, Jr. and Eric Ray Myers ("Defendants").  Dkt. Nos. 62, 63, 64.  Defendants filed a joint response to the Government's motion in limine [Dkt. No. 68] and the Government filed a response to Defendants' motions [Dkt. No.72].  Additionally, the Government filed notices pursuant to Federal Rule of Evidence 609 indicating its intention to introduce Defendants' prior criminal convictions for purposes of impeachment.  Dkt. Nos. 93, 94.  Defendant Walker filed a response and objection to the Government's notice, and Defendant Myers filed no response.  Dkt. No. 95.  The Court will address each pending motion, as well as the Government's notices, in turn.

**RELEVANT BACKGROUND**

On August 16, 2023, Debra Motes ("Motes") called 911 to report the kidnapping of her friend, D.G., from the parking lot of the Econo Lodge hotel in Broken Arrow, Oklahoma.  Dkt. No. 37-1 at 3.  Motes reported that D.G. was grabbed by the throat and the back of the head by a Black male and forced into the backseat of a white Chevrolet Suburban.  *Id.*

Following Motes' report, officers were able to locate the Suburban and initiate a traffic stop. *Id*. at 4. At the time of the stop, Defendant Myers was driving the vehicle, Defendant Walker was in the front passenger seat, and D.G. was in the backseat. *Id*.

D.G. was interviewed as part of the investigation into the kidnapping. D.G. reported that Defendant Walker grabbed her by the neck and pushed her into a white Suburban in the Econo Lodge parking lot. Dkt. No. 37-2 at 2. D.G. stated that she was then taken to the Expo Inn hotel in Tulsa, Oklahoma. *Id*. While in transit from the Econo Lodge to the Expo Inn, D.G. reported that Defendant Walker struck her multiple times with a closed fist. *Id*. When they arrived at the Expo Inn, D.G. and Defendant Walker went into a hotel room for approximately thirty minutes, and Defendant Myers waited in the vehicle. *Id*. While in the hotel room, Defendant Walker struck D.G. again, multiple times, and threatened her "with further violence if she did not pay him money that she owed him." Dkt. No. 37-2 at 2. D.G. stated that she and Defendant Walker then returned to the vehicle and Defendant Myers began driving again shortly before officers initiated a traffic stop. *Id*. During the interview, the officer noted visible markings on D.G.'s neck and throat which corresponded with D.G. and Motes' statements that Defendant Walker had grabbed D.G. by the throat and neck before pushing her into the Suburban. Dkt. No. 37 at 3, Ex. 8.

Since her initial interview, Defendants state that D.G. has not cooperated with the investigation and that D.G. has refused to communicate with representatives for either party. Dkt. No. 64 at 1-2. However, on October 15, 2023, D.G. met with an investigator for the defense and prepared a notarized affidavit which denied that she was kidnapped by Defendants or otherwise held against her will. *Id*. at 2. D.G. "also made it abundantly clear [to the defense investigator] that she did not wish to be subpoenaed for trial and that she was attempting to evade and avoid any contact with law enforcement or having to give trial testimony." *Id*. at 3.

2

D.G. and Motes both have criminal histories.  Defendants indicate that they intend to introduce the following evidence at trial for purposes of impeachment:

**D.G.**

1. December 2007:  criminal felony conviction for knowingly concealing stolen property.
2. September 2015:  criminal misdemeanor conviction for possession of paraphernalia.
3. September 2015:  criminal felony charge for unlawful possession of controlled drug – methamphetamine.
4. September 2015:  criminal felony charge for larceny from a retailer.

**Motes**

1. January 2016:  criminal felony conviction for burglary in the second degree.
2. January 2016:  criminal felony conviction for burglary in the first degree.
3. April 2012:  criminal misdemeanor charge for writing bogus check.
4. April 2013:  criminal felony charge for false declaration of ownership in pawn.
5. December 2019:  civil judgment entered against Motes for fraud, conversion, and replevin.
6. October 2013:  criminal felony conviction for petite larceny.

Dkt. No. 68 at 3.

Likewise, Defendants have criminal histories.  The Government indicates that it intends to introduce the following evidence at trial for purposes of impeachment:

**Defendant Walker**

1. October 2009:  criminal felony conviction for felon in possession of a firearm.
2. March 2017:  criminal felony conviction for possession of a controlled dangerous substance.
3. August 2018:  criminal felony conviction for possession of controlled dangerous substance without tax stamp, possession of controlled dangerous substance with intent to distribute, and possession of controlled dangerous substance.

**Defendant Myers**

1. August 2018:  criminal felony conviction for unauthorized use of a vehicle.
2. August 2018:  criminal felony conviction for burglary in the second degree.

Dkt. Nos. 93, 94.

## AUTHORITY AND ANALYSIS

### I.   Motions in Limine [Dkt. Nos. 62, 63]

"The purpose of a motion in limine is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to the issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Mendelsohn v. Sprint/United Mgmt. Co.*, 587 F. Supp. 2d 1201, 1208 (D. Kan. 2008) *aff'd,* 402 F. App'x 337 (10th Cir. 2010) (quotation and citation omitted).  In many instances, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context.  *Id.*  "A court will generally not grant a motion in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on *all* potential grounds." *Tulsa Zoo Mgmt., Inc. v. Peckham Guyton Albers & Viets, Inc.*, No. 17-CV-644, 2019 WL 1562147, at *1 (N.D. Okla. Mar. 5, 2019) (citation and quotation omitted).

### a. *Government's Motion in Limine to Preclude Witnesses' Criminal History at Trial [Dkt. No. 62]*

The Government seeks to preclude counsel from eliciting testimony or introducing evidence of the criminal histories of witnesses D.G. and Motes at trial.  Dkt. No. 62 at 1.  The Government argues that this evidence is not relevant and would confuse and mislead the jury.  *Id.*  Defendants' response indicates that Defendants intend to elicit testimony and introduce evidence regarding D.G. and Motes' criminal histories as impeachment evidence under Fed. R. Evid. 607, 608, and 609.  Dkt. No. 68 at 1.

4

Under Fed. R. Evid. 607, any party may attack a witness' credibility.  Fed. R. Evid. 607.
However, the ability to attack a witness' credibility at trial is subject to certain limitations.  Under
Fed. R. Evid. 608(b), specific instances of a witness' prior misconduct may be used to impeach
the witness "only to the extent the misconduct reflects on the witness'[ ] character for truthfulness."
*United States v. Beltran–Garcia*, 338 Fed. Appx. 765, 770 (10th Cir. 2009) (unpublished).  Further,
under Fed. R. Evid. 609(a), evidence of a witness' prior criminal conviction may be introduced to
impeach the witness, only if it was a felony conviction or if the elements of the crime required
proving a dishonest act or false statement.  Convictions more than ten years old are generally not
admissible unless the probative value of the evidence substantially outweighs its prejudicial effect
and the proponent of the evidence gives the adverse party reasonable written notice of its intent to
use this evidence.  Fed. R. Evid. 609(b).

Regarding D.G.'s criminal history, the 2015 criminal misdemeanor conviction and two
2015 felony charges are not felony convictions and, therefore, are not admissible under Fed. R.
Evid. 609(a)(1).  The 2015 criminal misdemeanor conviction is also not admissible under Fed. R.
609(a)(2) because possession of paraphernalia is not a crime which requires proof of a dishonest
act or false statement.  *See e.g., United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998);
*United States v. Seamster*, 568 F.3d 188 (10th Cir. 1978).  Likewise, possession of paraphernalia,
possession of a controlled substance, and larceny do not reflect upon one's character for
truthfulness.  *Id*.  For these reasons, these prior crimes are not admissible under either Fed. R. Evid.
608 or Fed. R. Evid. 609.

D.G.'s 2007 felony conviction for knowingly concealing stolen property, however, is
admissible under Fed. R. Evid. 609(a)(1).  Although more than ten years have passed since this
conviction, the Court finds that the probative value of the evidence outweighs the prejudicial

effect.  The Court agrees that the credibility of the witnesses will be a central issue at trial. Knowingly concealing stolen property is a crime which typically involves at least some level of deceit and dishonesty and, therefore, bears upon D.G.'s character for truthfulness.  For these reasons, the Court finds that D.G.'s 2007 felony conviction for knowingly concealing stolen property is admissible under both Fed. R. Evid. 608 and Fed. R. Evid. 609 for purposes of impeachment.

Regarding Motes' criminal history, the two 2016 felony convictions for burglary are admissible under Fed. R. Evid. 609(a)(1).  Because the credibility of witnesses will be a central issue at trial, the Court finds that that the probative value of the evidence outweighs any prejudicial effect.  However, the Court finds that Defendant's 2013 felony conviction for larceny is not admissible under Fed. R. Evid. 609(a)(1).  Because it has been more than ten years since this conviction and because larceny is not a crime which requires proof of a dishonest act or false statement, the Court finds that its probative value does not outweigh its prejudicial effect.  This is especially true where evidence of Motes' other felony convictions will be admissible as impeachment evidence.

Motes' two criminal charges in 2012 and 2013 are not admissible under Fed. R. Evid. 609 because they did not result in convictions.  However, the Court finds that they are admissible under Fed. R. Evid. 608(b) as both writing bogus checks and false declaration of ownership in pawn reflect upon Motes' character for truthfulness.  Likewise, the 2019 civil judgment entered against Motes for fraud, conversion, and replevin reflects upon Motes' character for truthfulness and, therefore, is also admissible under Fed. R. Evid. 608(b) for purposes of impeachment.

For these reasons, the Government's Motion in Limine to Preclude Witnesses' Criminal History at Trial [Dkt. No. 62] is GRANTED IN PART AND DENIED IN PART.  It is granted in

part in that Defendants are precluded from introducing evidence of D.G.'s 2015 criminal misdemeanor conviction, D.G's two 2015 criminal felony charges, and Motes' 2013 felony conviction. It is denied in part in that D.G.'s 2007 criminal felony conviction, Motes' two 2016 felony convictions, Motes' 2012 criminal misdemeanor charge, Motes' 2013 criminal felony charge, and Motes' 2019 civil judgment are admissible as impeachment evidence.

> b. *Defendants' Joint Motion in Limine to Exclude Statements that Constitute Hearsay Within Hearsay [Dkt. No. 63]*

Defendants seek to preclude the Government from introducing evidence which constitutes "hearsay within hearsay" and "any other hearsay that does not fall under the exceptions provided for in the Federal Rules of Evidence." Dkt. No. 63 at 1. In the Government's response, it confirms that it does not intend to introduce "hearsay within hearsay" statements in this case. Dkt. No. 72 at 2. Further, the Court notes that it expects the parties to comply with the Federal Rules of Evidence and, therefore, it need not enter an order directing the parties to do so. For these reasons, Defendants' Joint Motion in Limine to Exclude Statements that Constitute Hearsay Within Hearsay [Dkt. No. 63] is DENIED as moot.

## II.   Defendants' Joint Motion to Declare Witness D.G. Unavailable for Trial [Dkt. No. 64]

Defendants seek to declare witness D.G. unavailable for trial and introduce and admit an affidavit signed by D.G. under Fed. R. Evid. 804. Dkt. No. 64 at 1. The Government argues that Defendants have failed to establish that D.G. is unavailable for trial. Dkt. No. 72 at 3.

Rule 804 provides that the "[f]ormer [t]estimony" of a witness is not excluded as hearsay "if the declarant is unavailable as a witness." Fed. R. Evid. 804(b)(1). "The unavailability assessment often turns on the reasonableness of the prosecution's effort to obtain a witness's attendance." *United States v. Nelson*, 801 F. App'x 652, 657 (10th Cir. 2020) (unpublished) (citing *Cook v. McKune*, 323 F.3d 825, 835-36 (10th Cir. 2003)). While there is no per se rule regarding

the prosecution's efforts, the Tenth Circuit has, nonetheless, recognized four factors to consider, including the importance of the witness, the seriousness of the crime, whether the witness has reason to favor the prosecution, and whether the same efforts would have been made had the prior testimony of the witness not been available. *Cook*, 323 F.3d at 835-836. However, the Court finds that it cannot analyze D.G.'s unavailability because the Government has not yet made any effort to obtain D.G.'s appearance at trial. Dkt. No. 72 at 3 ("The government has not attempted to serve D.G. with a subpoena."). For this reason, Defendants' Joint Motion to Declare Witness D.G. Unavailable for Trial [Dkt. No. 64] is DENIED as premature. Should D.G. refuse or fail to appear following the issuance of a subpoena and/or following other efforts to obtain her appearance at trial, Defendants may renew their motion.

### III.   Government's Notices of Intent Pursuant to Fed. R. Evid. 609(b) [Dkt. Nos. 93, 94]

The Government seeks to introduce evidence of Defendants' prior criminal convictions for purposes of impeachment. Dkt. Nos. 93, 94. Evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1). However, "if more than 10 years have passed since the witness's [sic] conviction or release from confinement for it, whichever is later," the probative value must *substantially* outweigh the prejudicial effect and the offering party must give its adverse party reasonable written notice of its intent. *Id.* at (b). A "special balancing test" is used for defendant-witnesses because these litigants face "a unique risk of prejudice—i.e., the danger that convictions that would be excluded under Rule 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." *United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) (quoting Fed. R. Evid. 609, advisory committee's notes to the 1990 amendments). This balancing test has five factors:

(1) the impeachment value of the defendant's prior crimes;

(2) the dates of the convictions and the defendant's subsequent history;

(3) the similarity between the past crime and charged crime;

(4) the importance of the defendant's testimony; and

(5) the centrality of the defendant's credibility at trial.

*Id.*

As an initial matter, Defendant Walker argues that that his March 2017 and August 2018 state felony convictions for possession of controlled substance related charges cannot be used for impeachment purposes pursuant to *United States v. Davis*, 929 F.2d 554 (10th Cir. 1991).  Dkt. No. 95 at 2.  In *Davis*, the Tenth Circuit held that a prior conviction based on a guilty plea is admissible for purposes of impeachment under Fed. R. Evid. 609(a) where the record shows that the underlying plea was voluntary and intelligent.  *Davis,* 929 F.2d at 557.  Defendant Walker argues that the record in his two prior state felony convictions fails to show that the pleas were voluntary and intelligent.  Dkt. No. 95 at 2.  In support of this contention, Defendant Walker attached the minute sheets from both plea hearings to his objection.  Dkt. Nos. 95-3; 95-4.

While the Court agrees that the minute sheets themselves do not establish that the pleas were voluntary and intelligent, the Court notes that both case dockets include an entry for a "summary of facts" document related to the guilty plea and available at the Court Clerk's Office. *See* Rogers County District Court Case No. CF-2017-499, "Plea of Guilty – Summary of Facts" dated August 29, 2018; Pittsburgh County District Court Case No. CF-2016-758, "Plea of Guilty Summary of Facts" dated March 13, 2017.  Upon entering a plea of guilty in Oklahoma state court, a defendant must review with his attorney and sign Oklahoma Court of Criminal Appeals Form 13.10, Uniform Plea of Guilty – Summary of Facts, which sets forth the basis for the plea and establishes that the plea is entered into both voluntarily and intelligently.  Okla. Crim. App. Form

13.10, http://okcca.net/rules/form-13.10/.   In this regard, the Court finds Defendant Walker's argument disingenuous and, accordingly, rejects it.  The Court will now consider the admissibility of Defendants' prior convictions under the *Smalls* factors.

a.   *Consideration of the* Smalls *factors*

1.   *Impeachment Value*

"In evaluating the first factor, the impeachment value of the defendant's prior crimes, a prior conviction is more likely to be admissible where it involves a crime that bears on defendant's credibility." *United States v. Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *1, *2 (N. D. Okla. June 4, 2021).   However, even if a defendant's prior convictions do not involve dishonestly or false statement, a defendant still may be impeached.  *Id*. (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016) ("[I]t is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial."); *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1977)).

The Court finds that Defendant Walker's prior convictions, which include felon in possession of a firearm and possession of controlled substance related crimes, do not involve characteristics that go to Defendant Walker's capacity for truthfulness.  *See e.g., United States v. Begay*, 144 F.3d 1336, 1338 (10th Cir. 1998); *United States v. Seamster*, 568 F.3d 188 (10th Cir. 1978).   Likewise, the Court finds that Defendant Myers' prior convictions for unauthorized use of a vehicle and burglary in the second degree do not involve characteristics that go to Defendant Myers' capacity for truthfulness.  *See e.g., United States v. Mejia-Alacron*, 995 F.2d 982, 989 (10th Cir. 1993); *United States v. Dunson*, 142 F.3d 1213, 1215 (10th Cir. 1998).  Therefore, the Court

finds that this factor does not weigh in favor of admitting either Defendants' prior convictions for purposes of impeachment.

### 2. *Temporal Proximity*

Convictions more than ten years old are presumptively excluded, while convictions within the preceding ten years are considered on a case-by-case basis. *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. However, the "probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved." *Id*. (internal citations omitted).

Defendant Walker's prior conviction for felon in possession of a firearm occurred more than ten years ago. However, Defendant Walker has had intervening convictions and, therefore, "the apparent length of time that lapsed is less indicative of [D]efendant's rehabilitated character." *See Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2. Defendant Walker's remaining prior convictions, as well as Defendant Myers' two prior convictions all occurred within the last ten years. For these reasons, the Court finds that this factor weighs in favor of admitting Defendants' prior convictions for purposes of impeachment.

### 3. *Similarity*

"The third factor, which compares the similarity of the current charged crime to the prior conviction, weighs against admitting the prior conviction for impeachment if the crimes are similar." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (internal citations omitted). "The greater the similarity of the charged crime to the past crime, the higher the likelihood that a jury will be tempted to infer criminal propensity, rather than use the information for its intended purpose–impeachment of credibility." *Id*. (citing *United States v. Caldwell*, 760 F.3d 267, 287

(3d Cir. 2014);  *United States v. Chaco*, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged.");  *United States v. Willis*, No. 14-CR-64-JED, 2014 WL 2589475, at *2 (N.D. Okla. June 10, 2014) (same)).

The Court finds that Defendants' prior convictions are all plainly dissimilar to the charged crime of kidnapping.  This factor weighs in favor of admissibility for all convictions for purposes of impeachment.

### 4.  *Importance of Testimony*

"In considering the fourth factor, the importance of Defendant's testimony, the Court must determine whether the apprehension of potential impeachment by prior convictions will cause Defendant to abstain from testifying, thus damaging his right to a full defense."  *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3 (internal citations omitted).  "If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction."  *Id*.

Defendants are presently on trial for kidnapping.  It is alleged that Defendants took the victim from a parking lot and used threats and violence to hold her against her will.  The Court finds that Defendant Walker's prior convictions for felon in possession of a firearm and possession of controlled substances are not particularly prejudicial in light of the current alleged offense. Likewise, the Court finds that Defendant Myers' prior convictions for unauthorized use of a vehicle and second degree burglary are not particularly prejudicial in light of the current alleged offense.  This factor weighs in favor of admitting Defendants' prior convictions for purposes of impeachment.

### 5. *Centrality of Credibility*

"When evaluating the final factor, the centrality of defendant's credibility at trial, the Court must consider whether defendant's credibility is a material consideration for the jury. Impeachment by prior conviction is not as important if defendant's anticipated testimony will not be central to a jury determination–*e.g.,* if defendant's testimony is corroborated by other sources." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *3. By contrast, "where a case is reduced to a swearing contest between witnesses, the probative value of a conviction is increased." *Id.* (citing *Caldwell*, 760 F.3d at 288).

Defendant Walker argues that Defendants' testimony will not be central to a jury determination because there is video footage of the alleged crime, as well as audio recordings of witnesses taken immediately following the alleged crime. Dkt. No. 96 at 3. The Court disagrees.

While it is true that there is video footage of the alleged crime, the video does not conclusively demonstrate what occurred and is open to interpretation. Additionally, a large portion of the alleged crime—including inside the vehicle during transport to the Expo Inn, as well as the events that occurred within the hotel room at the Expo Inn—were not video or audio recorded and, therefore, will be solely based on witness testimony. Further, witness statements implicate Defendants in the alleged crime and, therefore, a majority of the case will likely be reduced to a swearing contest between witnesses. For these reasons, the Court finds that Defendants' credibility will be central at trial. This factor weighs in favor of admitting Defendants' prior convictions for purposes of impeachment.

### b. *Rule 609(a)(1)(B) Balancing*

Following a review of *Smalls* factors, the Court must determine "whether, in light of those factors, the probative value of the evidence outweighs its prejudicial effect." *Ahaisse*, No. 2020-

CR-0106-CVE, 2021 WL 2290574, at *4 (citing Fed. R. Evid. 609(a)(1)(B)).  After reviewing the *Smalls* factors, the Court finds that the probative value of Defendants' prior convictions outweigh any potential prejudicial effect.  The only factor that weighs against admissibility is factor one: impeachment value.  However, "it is not necessary for the government to show that the defendant's prior convictions involve dishonesty or false statements in order to impeach the defendant with the convictions if he testifies at trial." *Ahaisse*, No. 2020-CR-0106-CVE, 2021 WL 2290574, at *2 (citing *United States v. Verner*, No. 15-CR-0039-CVE, 2015 WL 1528917, at *8 (N.D. Okla. Apr. 3, 2015), aff'd, 659 F. App'x 461 (10th Cir. 2016)).  Because all other factors weigh in favor of admissibility, the Court will allow the Government to introduce evidence of Defendants' prior convictions for purposes of impeachment under Fed. R. Evid. 609.

For these reasons, the evidence described in the Government's Fed. R. Evid. 609 Notices [Dkt. Nos. 93, 94] is ADMISSIBLE and Defendant Walker's objections [Dkt. No. 95] are OVERRULED.

## CONCLUSION

IT IS THEREFORE ORDERED that:

The Government's Motion in Limine to Preclude Witnesses' Criminal History at Trial [Dkt. No. 62] is GRANTED IN PART AND DENIED IN PART as set forth in this Order.

Defendants' Joint Motion in Limine to Exclude Statements That Constitute Hearsay Within Hearsay [Dkt. No. 63] is DENIED as moot.

Defendants' Joint Motion to Declare Witness D.G. Unavailable for Trial [Dkt. No. 64] is DENIED as premature.

The evidence described in the Government's Fed. R. Evid. 609 Notices [Dkt. Nos. 93, 94] is ADMISSIBLE and Defendant Walker's objections [Dkt. No. 95] are OVERRULED.

DATED this 17th of January 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE